IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BEATRIZ RHOADES,

        Plaintiff,

vs.

YOUNG WOMEN'S CHRISTIAN
ASSOCIATION OF GREATER
PITTSBURGH, et al.,
        Defendants.

Civil Action No. 09-1548

AMBROSE, District Judge

## OPINION AND
## ORDER OF THE COURT

### Synopsis

Plaintiff Beatriz Rhoades ("Rhoades) asserts fourteen claims under the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. ("ADEA), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 et seq., as well as section 1981 of the Civil Rights Act, 42 U.S.C. § 1981 et seq., and the Pennsylvania Human Relations Act ("PHRA") against Defendants Young Women's Christian Association of Greater Pittsburgh ("YWCA"), Valerie Wheatley, Barbara Manning, Lillian Young and Dena Davis (collectively, the "Individual Defendants") arising from Rhoades' employment as an accountant with the YWCA. Defendants move to dismiss the complaint in its entirety. For the reasons set forth below, I grant Defendants' motion to dismiss.

## I. Applicable Standards

In deciding a motion to dismiss under Fed R. Civ. P. 12(b)(6), all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Haspel v. State Farm Mut. Auto. Ins. Co., 2007 WL 2030272, at *1 (3d Cir. July 16, 2007). In the last two years, "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). After the Supreme Court's opinion in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), "it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Fowler, 578 F.3d at 210 (quoting Iqbal, 129 S. Ct. at 1949).

> "[A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. . . .Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 210-211 (citing Iqbal, 129 S. Ct. at 1950). "As the Supreme Court instructed in *Iqbal*, '[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'"

Id. at 211 (quoting Iqbal, 129 S. Ct. at 1949).

## II. Statement of Relevant Facts

Plaintiff is a Hispanic woman, born in Colombia, currently 48 years of age. She has a bachelor's degree in accounting and more than ten years of experience in the accounting field. Plaintiff was hired by the YWCA as a full-time accountant beginning September 26, 2005.

At her initial review on April 26, 2006, Plaintiff received a rating of "Achieves Expectations" on all twelve categories of job performance. In or about July 2006, Plaintiff complained initially to her supervisor, Defendant Manning, and then again to Manning and Defendant Wheatley "about the illegal wage/unequal pay between her and her male predecessor." (Docket No. 1, at ¶ 27.) Despite these complaints, Defendants refused to pay her equal to the men performing the same or similar positions.

Plaintiff alleges that after these complaints, Manning and Wheatley changed their attitudes towards her. She was intimidated, harassed, embarrassed and criticized. Her workload was increased, she was denied training, assistance and recognition. In her 2006 annual review, Ms. Manning and Ms. Wheatley rated her performance as "needs improvement." On March 23, 2007, she was given a Performance Improvement Plan, which set unreasonable target dates. Plaintiff was terminated on April 25, 2007.

## III. Defendants' Motion to Dismiss

Defendants have moved to dismiss the Complaint on the grounds of failure to exhaust administrative remedies and for failure to state a claim. I will address each count of the complaint within the context of its relevant issues.

### A. Res Judicata[1]

This is the second action that Plaintiff has commenced relating to Defendants' termination of her employment. In her first action in this Court (2:09-cv-000261), Plaintiff alleged that she was paid less than male employees in the same position, and that when she complained of the unequal pay, she was retaliated against in the form of negative performance

---

[1] After reviewing the parties' submissions in connection with Defendants' motion to dismiss, I requested that the parties submit briefs addressing the applicability of the doctrine of res judicata to Plaintiff's complaint. [See Docket Nos. 23, 24.]

3

evaluations, increased workload and ultimately terminated. By order dated July 27, 2010, I granted summary judgment dismissing Plaintiff's claims on the grounds that she had not established a prima facie claim under the Equal Pay Act, that Defendants had demonstrated that any pay differential was based on factors other than sex, and that Plaintiff had not established a causal link between her complaint of discrimination and the alleged retaliation and had not refuted Defendants' legitimate, non-retaliatory reasons for her termination. [Docket No. 86.]

The factual (as opposed to conclusory) allegations before me in the current Complaint are virtually identical to the allegations in Plaintiff's prior complaint. The parties are identical. Plaintiff received her right to sue letter from the EEOC on these claims in August 2009, before discovery had even commenced in the prior action. These claims, which involve the same underlying facts and parties, should have been brought in one action, or should now be barred under principles of res judicata. Barrett v. McDanel, 2007 WL 2463403, at *4 (W.D. Pa. Aug. 28, 2007) (granting motion to dismiss race and gender discrimination, harassment, hostile work environment and retaliation claims on grounds of res judicata where the plaintiff received a right to sue letter before close of discovery in the prior action but failed to amend or consolidate the two actions).

Unfortunately, however, Defendants inexplicably acquiesced in Plaintiff's failure to amend her prior complaint to include these claims. As they explained in their motion for extension of time to file motion for summary judgment in the prior case [Docket No. 24-4], they "were aware of the related complaint" and were "in the process of evaluating their insurance coverage for this new Complaint as well as whether it should be consolidated with the above-captioned matter because, should these cases be consolidated, Defendants would not have to bear the expense of filing two separate motions for summary judgment, particularly as the claims in

4

both complaints are related and overlap, involving the YWCA's same legitimate, non-discriminatory reasons for terminating Plaintiff's employment." Id. at ¶¶3-4. Defendants having opted not to move for consolidation of the two claims, may not now rely on the doctrine of res judicata to preclude this action. In re Calabria, 407 B.R. 671, 678 (Bankr. W.D. Pa. 2009) (action will not be barred by doctrine of res judicata where the defendant acquiesced in terms or effect to the splitting of the claims).

## B. Failure to Exhaust Administrative Remedies (PHRA Counts VIII-XIV)

In order to bring an action under the PHRA, Plaintiff must file a complaint with the PHRC within 180 days of the date of the alleged unlawful discriminatory practice. 43 Pa. Cons. Stat. § 959(h). On October 22, 2007, exactly 180 days after her termination, Plaintiff filed an equal pay act and retaliation questionnaire with the PHRC. Defendants argue that the filing of a questionnaire, rather than a complaint, is inadequate to meet the PHRA's 180-day deadline. (Def. Br. at 5.) I need not address this argument, because even assuming that the filing of the questionnaire was sufficient, Plaintiff failed to exhaust her administrative remedies with respect to these claims when she expressly withdrew them from the PHRC.

Plaintiff submits in opposition to the motion her intake questionnaires and additional documents exchanged between Plaintiff and the PHRC after filing of her intake questionnaires.[2] In response to the receipt of Plaintiff's questionnaires, Linda Hernton of the PHRC notified Plaintiff by e-mail dated November 30, 2007, that due to a backlog, she would be unable to begin drafting Plaintiff's formal complaint until December 2007. [Docket No. 19-5, at 2.] By e-mail,

---

[2] "In evaluating whether a plaintiff has exhausted her administrative remedies, courts routinely consider the plaintiff's administrative filings as public records," including related documents such as the plaintiff's administrative agency intake questionnaire. Mandel v. M&Q Packaging Corp., 2009 WL 2579308, at *3 (M.D. Pa. Aug. 18, 2009) (citations omitted).

5

dated January 9, 2008, Ms. Hernton informed Plaintiff that she should receive a draft complaint within the next week. [Docket No. 19-7, at 2.] In January and February, Plaintiff sent a series of e-mails and letters to Ms. Hernton and finally, Homer Floyd, the PHRC's Executive Director, asking when she should expect to receive the draft complaint. [Docket Nos. 19-8, 19-9, 19-10.] These were not responded to by Ms. Hernton.

By letter, dated February 27, 2008, Ms. Hernton sent Plaintiff a draft complaint alleging retaliation. [Docket No. 19-11, at 2]. She explained that the allegations of harassment and unlawful discharge, which had been included in questionnaires filed on October 31, 2007, were untimely as they were not filed within the 180-day time requirement. She further informed Plaintiff that "[i]f the complaint is not returned within 10 days, I will assume that you are no longer interested in pursuing this matter." On March 7, 2008, Plaintiff informed Ms. Hernton that she needed additional time to review the complaint, but that she remained interested in pursuing this matter. [Docket No. 19-12, at 2.]

On March 10, 2008, Mr. Lee, Plaintiff's representative, sent a Charge Form and affidavit to the EEOC, copied to the PHRC, on Plaintiff's behalf, explaining that "[m]y client has opted for EEOC investigation due to extended jurisdictional time limits and due to dissatisfaction with PHRC intake process." [Docket No. 19-13, at 3.] By letter dated March 12, 2008, Plaintiff sent the signed complaint to the PHRC. [Docket No. 19-13.] By letter dated March 13, 2008, the PHRC responded that Plaintiff's redraft contained improper and time-barred material, and re-sent her a draft retaliation complaint, stating that "[i]f we have not received a signed formal complaint within the next 5 days, we will assume that you are no longer interested in pursuing your complaint, (sic) with the Pennsylvania Human Relations Commission and your case will be

closed in our files." [Docket No. 19-14.] By letter dated March 17, 2008, Plaintiff wrote to Ms. Hernton:

> Please disregard my letter of March 12, 2008 and my PHRC Complaint signed and verified on March 12, 2008. They were sent by mistake, without the advice of my representative. I sent my complaints to both EEOC and PHRC by mistake, as my representative's letter, which is enclosed, states. I want to file with EEOC only.

[Docket No. 19-16.] In response, the PHRC forwarded to Plaintiff a "Request for Withdrawal of Charge of Discrimination" form for her signature. [Docket No. 19-17.] Plaintiff did not return the form, or otherwise respond to the PHRC. On May 24, 2008, Plaintiff received a form letter from the PHRC indicating it had received a copy of the EEOC charge and had waived the opportunity to investigate the complaint back to the EEOC. The case number referenced in the letter was different than the case number on Plaintiff's prior correspondence with the PHRC. [Docket No. 19-19.]

Defendant argues that Plaintiff's failure to file a formal complaint with the PHRC within the 180 day period bars her claims under the PHRA. The cases relied upon by Defendants are factually distinguishable, and therefore, I do not find them dispositive on the issue of whether Plaintiff has exhausted her administrative remedies. See Woodson v. Scott Paper Co., 109 F.3d 913, 929 (3d Cir.) (plaintiff had not exhausted administrative remedies with respect to claims under the PHRA where he was represented by counsel, knew of the cross-filing mechanism, failed to check the box on the EEOC charge indicating that he wanted to cross-file with the PHRC and signed an acknowledgement that he was aware of the filing requirements under the PHRA), cert. denied, 522 U.S. 914 (1997); Murphy v. Commonwealth, 486 A.2d 388 (Pa.) (complaint filed by Commission did not comply with particularity requirement, and therefore did not convey jurisdiction beyond the statutory limitations period), appeal dismissed, 471 U.S. 1132 (1985); Graves v. Pennsylvania Human Relations Commission, 634 A.2d 701, 701-02 (Pa.

7

Commw. 1993) (plaintiff filed forms and letter with Commission, but failed to respond to Commission's request for additional information or notice that a written complaint must be filed within 180 days). However, I agree with Defendants that Plaintiff has not exhausted her administrative remedies under the PHRA.

While Plaintiff submitted an intake questionnaire alleging retaliation and violation of the Equal Pay Act within the 180-day deadline[3], she never formalized a complaint with the PHRC. Although for several months she pursued the matter with the PHRC, ultimately she notified the PHRC that she wanted them to "disregard" her complaint and that she only wanted to file with the EEOC. When the PHRC sent her a letter recognizing her intent to withdraw her complaint, she did not respond.[4] "It is well settled that withdrawal of one's claims prior to a determination by the proper administrative agency constitutes failure to exhaust one's remedies." Richards v. Foulke Assocs., Inc., 151 F. Supp.2d 610, 613 (E.D. Pa. 2001). In Ellis v. Mohenis Svcs., Inc. 1997 WL 364468, at *3 (E.D. Pa. June 18, 1997), after the EEOC transmitted the plaintiff's charge to the PHRC, the plaintiff's attorney sent a letter requesting that the PHRC not go forward with its investigation. The district court held that the plaintiff had failed to exhaust its administrative remedies under the PHRA and dismissed those claims. Id.; see also, Schweitzer v. Rockwell Internat'l, 586 A.2d 383, 387 (Pa. Super.) (plaintiff did not exhaust her

---

[3] The harassment and discharge intake questionnaires, submitted to the PHRC on October 31, 2007, were submitted after the 180 day time period.

[4] Plaintiff argues that her failure to return the withdrawal form indicates her intent to continue with her PHRC claims. I find this facially incredible. Plaintiff sent a letter expressly stating that she wanted her complaint disregarded and only wished to continue with the EEOC. She never again attempted to proceed in any manner with the PHRC. Indeed, even her failure to respond to the withdrawal letter, which recognized her intent to discontinue her complaint with the PHRC, undermines her argument on this issue.

administrative remedies with respect to her PHRA claims where she requested that the HRC transfer her case to the EEOC), appeal denied, 600 A.2d 954 (Pa. 1991).

Even if Plaintiff had timely filed her claims with the PHRC, she failed to exhaust her administrative remedies with respect to those claims when she withdrew them from the PHRC. Accordingly, I grant Defendants' motion to dismiss Counts VIII through XIV of the Complaint.

### C. Plaintiff's Claims Under The ADEA And Title VII (Counts I-V)

Defendants argue that Plaintiff's claims under Title VII and the ADEA are barred because Plaintiff did not file a timely charge of discrimination with the EEOC. It is undisputed that Plaintiff filed her Charge and supporting affidavit with the EEOC more than 300 days after her termination of employment. Thus, I must determine as a matter of law whether Plaintiff's prior filing with the PHRC is sufficient to satisfy her statutory requirements of filing with the EEOC.[5]

This task is simplified with respect to Plaintiff's ADEA claims (Counts I and II). Even if the filings with the PHRC were timely, they still do not satisfy the exhaustion requirement for purposes of ADEA claims.[6] An examination of the intake questionnaires submitted to the PHRC shows that Plaintiff did not allege age discrimination or retaliation stemming from complaints of age discrimination. Indeed, Plaintiff checked off nearly every form of discrimination available with the exception of age discrimination. Thus, even if those filings were timely, they do not

---

[5] The letter from the EEOC asserting jurisdiction over the claims based on Plaintiff's filings with the PHRC is not binding on this Court. See Barclay v. Amtrak, 343 F. Supp.2d 429 (E.D. Pa. 2004) (letter from EEOC after expiration of the limitations period stating that the plaintiff's intake questionnaire would be sufficient to toll the statute of limitations was not dispositive of the issue).

[6] A plaintiff asserting a claim under the ADEA must meet the exhaustion requirements set forth in Title VII. 29 U.S.C. §626(d)(2).

9

constitute exhaustion of remedies with respect to claims for age discrimination or retaliation. Accordingly, Counts I and II must be dismissed.

Under Title VII, a charge of . . .discrimination must be filed with the EEOC within 180 days of the occurrence of the alleged unlawful employment practice." Rosenberg v. Vuotto, 2010 WL 4259596, at *3 (E.D. Pa. Oct. 26, 2010). "If the complainant also initiates a claim with a parallel state agency, the limitations period for filing with the EEOC is extended to 300 days from the date of the alleged unlawful employment." Id. (citing 42 U.S.C. §2000e-5e(1)). The PHRC and the EEOC have entered into a worksharing agreement which provides that "in order to facilitate the assertion of employment rights, the EEOC and the PHRC each designate the other as its agent for the purpose of receiving and drafting charges, including those that are not jurisdictional with the agency that initially received the charges." Seybert v. International Group, Inc., 2009 WL 722291, at *14 (E.D. Pa. Mar. 18, 2009). Courts in this Circuit interpreting the worksharing arrangement have held that where a plaintiff timely files a complaint with one agency, either the EEOC or the PHRC, coupled with a request for dual filing, then the complaint is deemed filed with both agencies as of that date. See Berkoski v. Ashland Med. Ctr., 951 F.Supp. 544, 549 (M.D. Pa. 1997) (plaintiff "correctly believed that filing his complaint with the PHRC coupled with a request for dual filing would be sufficient to also file with the EEOC"); Seybert, 2009 WL 722291 at *17 ("filing a charge of discrimination with the EEOC within the 180 day mandatory filing period, together with a request that the EEOC dual-file it with the PHRC, is sufficient to preserve claims under the PHRA").

Here, however, when Plaintiff submitted her intake questionnaires to the PHRC, she did not request dual filing with the EEOC. Courts in this District have held that such an omission is fatal to Plaintiff's claims. In Cunningham v. Freedom Ford Sales, Inc., 2007 WL 2404739, at *1

10

(W.D. Pa. Aug. 17, 2007), the plaintiff filed charges with the EEOC within the 180 day deadline, but the charges were not transferred to the PHRC until after the 180 day period had expired. In granting the defendants' motion to dismiss the plaintiff's claims under the PHRA, the court explained that "filing with the EEOC does not constitute filing with the PHRC regardless of the existence of the work sharing agreement." Id. at *4. Since the PHRC had not received the charge within the limitations period, and the plaintiff had not requested dual filing nor made any other effort to file with the PHRC, Plaintiff's claims under the PHRA were barred. Similarly, in Yeager v. UPMC Horizon, 698 F. Supp.2d 523, 537 (W.D. Pa. 2010), the plaintiff's claims under the PHRA were time-barred where the plaintiff had timely filed with the EEOC but had failed to request that the charge be dual filed with the PHRC.[7]

Accordingly, I find that Plaintiff did not file an administrative charge with the EEOC within the 300 day deadline, and therefore failed to exhaust her administrative remedies with respect to her Title VII claims. Defendants' motion to dismiss Counts III-V is granted.

### D. Plaintiff's Section 1981 Claims (Counts VI and VII)

Plaintiff asserts claims for race and national origin discrimination and retaliation under 42 U.S.C §1981. Defendants move to dismiss these claims for failure to state a claim and because Plaintiff has not plead a prima facie case of retaliation. I agree.

---

[7] Courts have sustained claims under the principle of equitable tolling where administrative agency error has resulted in the untimely filing. See, e.g., Berkoski, 951 F. Supp. at 550 n.4 (doctrine of equitable tolling would apply where PHRC failed to transmit dual filed charges to EEOC in accordance with terms of the worksharing agreement). While Plaintiff argues that the untimeliness was due to the PHRC's delay in drafting her complaint, this argument would only merit equitable tolling of her claims under the PHRA. Since she never requested that the PHRC dual file with the EEOC or made any other effort to file with the EEOC with the 300 day limitations period, there is no basis to apply equitable tolling to her Title VII claims.

Plaintiff's claim based on national origin discrimination must be dismissed because section 1981 only applies to employment discrimination on the basis of race. Zezulewicz v. Port Auth. of Allegheny County, 290 F. Supp.2d 583, 598 (W.D. Pa. 2003) (citing Saint Francis College v. Al-Khazraji, 481 U.S. 604, 613 (1987)); see also, Funayama v. Nichia American Corp., 2009 WL 1437656, at *4 (E.D. Pa. May 21, 2009) ("The majority of district court decisions in this Circuit. . .have rejected the proposition that national origin discrimination falls within the statute's ambit.")

Plaintiff's claims for race discrimination and retaliation are not supported by the allegations of the Complaint. Under Iqbal and Fowler, Plaintiff must plead more than conclusory allegations in order to survive a motion to dismiss. Plaintiff's complaint does not include a single, non-conclusory allegation relating to race discrimination.

With respect to her allegations of retaliation based on race discrimination, Plaintiff must plead, and ultimately prove, that she engaged in a protected activity. While Plaintiff has alleged that she complained of illegal wage/unequal pay between her and her male predecessor (Docket No. 1, at ¶¶ 26-28), in order to state a claim for retaliation under section 1981, she is required to plead and prove that she complained of race discrimination, not some other form of discrimination. Ilori v. Carnegie Mellon Univ., 2010 WL 3811717, at *20 (W.D. Pa. Sept. 23, 2010). Since she has failed to do so, Plaintiff's claim for retaliation under section 1981 must be dismissed.

However, since Plaintiff is proceeding *pro se*, I will grant her leave to amend her complaint to replead her claims under section 1981 for race discrimination and retaliation.

## Conclusion

Based on the foregoing, Defendant's motion to dismiss is GRANTED. If Plaintiff has factual allegations to support her claims for race discrimination and retaliation under section 1981, she may file an amended complaint with respect to those two claims.

## ORDER OF COURT

Having carefully considered Defendants' motion to dismiss the Complaint [Docket Nos. 10, 11, 16, 17, and 23], Plaintiff's opposition thereto [Docket Nos. 18, 19, and 24], and Defendant's reply [Docket No. 22], it is hereby ORDERED that Defendants' motion to dismiss is GRANTED. Plaintiff may file an amended complaint on or before November 24, 2010.

Dated: November 9, 2010

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose,
U.S. District Judge