IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BEATRIZ RHOADES,

        Plaintiff,

vs.

YOUNG WOMEN'S CHRISTIAN
ASSOCIATION OF GREATER
PITTSBURGH, et al.,

        Defendants.

Civil Action No. 09-1548

AMBROSE, Senior District Judge

# OPINION AND
# ORDER OF THE COURT

## Synopsis

Plaintiff Beatriz Rhoades ("Rhoades) moves to certify this Court's Opinion and Order, dated November 9, 2010 [Docket No. 25], for interlocutory appeal and to stay proceedings pending appeal. The Opinion and Order dismissed thirteen of Plaintiff's fourteen claims under the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. ("ADEA), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 et seq., and section 1981 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, alleging national origin discrimination, but granted leave to Plaintiff to amend her claim asserting race discrimination and retaliation under section 1981. Plaintiff filed her Amended Complaint on December 1, 2010 [Docket No. 32]. Defendants have consented to Plaintiff's motion to file an interlocutory appeal and for a stay of proceedings pending resolution of the appeal. For the reasons set forth below, I grant Plaintiff's

motion.[1]

## I.    Standard for Granting Interlocutory Appeal

The standard for certifying an interlocutory appeal is set forth in 28 U.S.C. §1292(b), which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Thus, "a non-final order may only be certified for interlocutory appeal if the court determines that it : (1) involves a controlling question of law; (2) for which there is substantial ground for difference of opinion; and (3) which may materially advance the ultimate termination of the litigation if appealed immediately." Hall v. Wyeth, Inc., 2010 WL 4925258, at *1 (E.D. Pa. Dec. 2, 2010) (quoting Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir.), cert. denied, 419 U.S. 885 (1974)). Each of these elements must be satisfied for certification to issue. Id. (citing Mitchell v. Axcan Scandipharm, Inc., 2006 WL 986971 (W.D. Pa. Mar. 13, 2006)). Moreover, even if all the elements are satisfied, the decision to certify rests within the discretion of the trial court. Id. (quoting L.R. v. Manheim Twp. Sch. Dist., 540 F. Supp.2d 603, 608 (E.D. Pa. 2008)).

## II. Application of the Standard To Plaintiff's Motion

With respect to the first element, "the Third Circuit Court of Appeals has held that 'controlling question of law' is one which either:  (1) if decided erroneously, would lead to

---

[1] Plaintiff filed an appeal of the Opinion and Order on December 2, 2010 [Docket No. 33] without seeking leave of court. Defendants filed a motion to stay this action pending appeal and pointing out Plaintiff's failure to seek permission to file an interlocutory appeal. [Docket No. 35]. Plaintiff failed to respond to Defendants' motion and instead filed this motion. Because the issues raised in Defendants' motion are subsumed within the current motion, I will deny Defendants' motion as moot.

reversal on appeal; or (2) is 'serious to the conduct of the litigation either practically or legally.'" Id. (quoting Katz, 496 F.2d at 755). "On a practical level, saving of time of the district court and of expense to the litigants was deemed by the sponsors of 28 U.S.C. §1292(b) to be a highly relevant factor." Id.

Plaintiff seeks to appeal my holding that she did not exhaust her administrative remedies with respect to her claims under Title VII, the ADEA and the PHRA. If reversed, thirteen additional claims could be reinstated within the litigation, requiring substantial additional discovery over a significant period of time. I anticipate that summary judgment will be submitted with respect to the remaining section 1981 claims, and that summary judgment would also be submitted with respect to any claims that might be reinstated. Certifying an interlocutory appeal of the dismissed claims and obtaining a final order with respect to the scope of the litigation would result in significant time and expense savings for both the Court and the litigants. Accordingly, the first factor weighs in favor of certifying the Order for appeal.

The second factor involves whether there is a substantial ground for difference of opinion with respect to the issues of law. I note that Defendants do not agree that Plaintiff has demonstrated that a substantial ground for difference of opinion exists. While I continue to believe that I have correctly interpreted the law in this Circuit with respect to exhaustion of administrative remedies, I do recognize that the allegations herein – the manner in which Plaintiff commenced and then withdrew her questionnaires submitted to the PHRC - are somewhat unusual and have not been expressly addressed by the Third Circuit. "[T]he absence of controlling law on a particular issue can constitute substantial grounds." Id. (citing Chase Manhattan Bank v. Iridium Africa Corp., 324 F. Supp.2d 540, 545 (D. Del. 2004)). Accordingly, I find that the second factor also weighs in favor of certifying an appeal.

Finally, I believe that an immediate appeal will materially advance the ultimate termination of the litigation. "Several factors are pertinent in determining whether an immediate appeal would materially advance the ultimate termination of the litigation, including: (1) whether the need for trial would be eliminated; (2) whether the trial would be simplified by the elimination of complex issues; and (3) whether discovery could be conducted more expeditiously and at less expense to the parties." Id. (quoting Patrick v. Dell Fin. Svcs., 366 B.R. 378, 387 (M.D. Pa. 2007)). Here, resolution of the scope of Plaintiff's claims would permit discovery to be conducted more expeditiously and any trial to fully resolve this matter. This is especially relevant herein where Plaintiff previously commenced an action arising from the same set of facts, the same parties engaged in significant discovery, and Plaintiff's claims were dismissed on summary judgment. Finalizing the scope of Plaintiff's claims will permit the legal issues between Plaintiff and Defendants to be resolved once and for all.

## Conclusion

Based on the foregoing, Plaintiff's motion to certify the Opinion and Order for interlocutory appeal and to stay the proceedings herein pending resolution of the appeal is GRANTED.

**ORDER OF COURT**

Having carefully considered Plaintiff's motion to certify opinion and order for interlocutory appeal and motion for stay of proceedings [Docket Nos. 40, 41], Defendants' response thereto [Docket No. 42], and Defendants' motion to stay action pending appeal [Docket No. 35], it is hereby ORDERED that Plaintiff's motion is GRANTED. Defendants' motion is DENIED as moot.

Dated: January 24, 2011

                                          BY THE COURT:

                                          /s/Donetta W. Ambrose
                                          Donetta W. Ambrose,
                                          Senior U.S. District Judge