IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEATRIZ RHOADES, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 09-1548 |
| YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF GREATER PITTSBURGH, et al., | ) |
| Defendants. | ) |

AMBROSE, District Judge

**MEMORANDUM OPINION
AND ORDER**

Defendants have moved pursuant to Federal Rule of Civil Procedure 41(b) for an order dismissing this action with prejudice. Federal Rule of Civil Procedure 41(b) provides, in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R. Civ. P. 41(c) (West 2011). In determining whether dismissal is appropriate under Rule 41(b), the court must consider six factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim. N'Jai v. Floyd, 296 Fed.Appx. 266, 268 (3d Cir. 2008) (quoting Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984)). "There is no 'magic formula' for balancing these factors, nor must all of the factors be satisfied for a district court to dismiss a case." Karpiel v. Ogg, Cordes, Murphy & Ignelzi,

1

LLP, 405 Fed.Appx. 592, 595 (3d Cir. 2010)

This action, asserting fourteen claims alleging age, sex, national origin and race discrimination, was commenced in November 2009.[1]  By opinion and order, dated November 9, 2010 (Docket No. 25), I dismissed the complaint, granting Plaintiff leave to file an amended complaint only with respect to her claims alleging race discrimination and retaliation under Section 1981.  On December 1, 2010, Plaintiff filed an amended complaint (Docket No. 32) which realleged all fourteen previously dismissed claims.  By order dated January 24, 2011 (Docket No. 43), I granted a stay of the action pending Plaintiff's interlocutory appeal of the motion to dismiss.  The interlocutory appeal was dismissed by the Third Circuit on April 18, 2011.  (Docket No. 44.)  By order dated April 19, 2011 (Docket No. 45), I struck Plaintiff's amended complaint for failure to comply with the order granting amendment, and directed Plaintiff to file a second amended complaint in conformance with my prior order on or before May 6, 2011.  Since Plaintiff appears *pro se* in this action, all of the court's orders and opinions have been mailed to her at her place of residence.  Despite the lapse of more than six months since my original order granting leave to replead her claims for race discrimination and retaliation, Plaintiff failed to file a second amended complaint.  On May 26, 2011, Defendants moved to dismiss the action pursuant to Rule 41(b).  The court directed Plaintiff to respond to the motion by June 13, 2011.  To date, Plaintiff has neither responded to the motion nor filed a

---

[1] This is the second action commenced by Plaintiff arising from the same set of facts and involving the same Defendants.  By order dated July 27, 2010, I granting summary judgment in the first action (2:09-cv-000261) dismissing Plaintiff's claims under the Equal Pay Act on the grounds that she had not established a prima facie claim under the Equal Pay Act, that Defendants had demonstrated that any pay differential was based on factors other than sex, and that Plaintiff had not established a causal link between her complaint of discrimination and the alleged retaliation nor had she refuted Defendants' legitimate, non-retaliatory reasons for her termination.

second amended complaint.

In considering the six factors relevant to dismissal of an action pursuant to Rule 41(b), I find that they weigh in favor of dismissing Plaintiff's action. First, Plaintiff has received copies of all motions and orders filed in the action, and has neither responded to the motions nor acted in accordance with my orders. Since Plaintiff appears *pro se*, she alone is responsible for her failure to adhere to the Court's schedule. See Karpiel, 405 Fed. Appx. at 595 (*pro se* litigant was personally responsible for her inability to prosecute her case). Defendants, a not-for-profit and its employees and former employees, have suffered prejudice in the form of time and attorneys' fees as a result of Plaintiff's failure to file a legally sufficient complaint in this action nearly two years after the action was commenced, and more than four years after the facts giving rise to the action occurred. Plaintiff's delay in commencing the actions, her decision to split her claims into two separate actions, and her failure to respond properly to the court's deadlines, all demonstrate a history of dilatoriness. Since Plaintiff has failed to proffer any excuse for her failure to comply with the court deadlines, I can only assume that her conduct is willful. Nor has she provided me with any basis to support a sanction short of dismissal. Finally, in my Opinion dismissing the complaint in this action, I explained that Plaintiff had failed to allege claim of race discrimination and retaliation under Section 1981, since her complaint did not include a single, non-conclusory allegation relating to race discrimination and had only alleged that she complained of illegal wage/unequal pay between her and her male predecessor, not that she had complained of race discrimination. (Docket No. 25.) Her failure to amend the complaint to include these requisite allegations casts doubt on her ability to adequately replead these claims. In short, all six of the factors weigh in favor of dismissal of the action.

## **Conclusion**

Based on the foregoing, Defendants' motion to dismiss the action is GRANTED.

## **ORDER OF COURT**

Having carefully considered Defendants' motion to dismiss the action [Docket Nos. 46, 47], it is hereby ORDERED that Defendants' motion to dismiss is GRANTED.

Dated: July 6, 2011

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose,
U.S. District Judge